UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 23-40079 |
| Plaintiff, | |
| v. | RESPONSE TO MOTION TO DISMISS INDICTMENT |
| RAYMO MORALES-DELGADO, | |
| Defendant. | |

COMES NOW the United States of America, by and through Assistant United States Attorney Connie Larson, and responds to the Defendant's Motion to Dismiss the indictment (Doc. 19) to oppose the motion.

FACTS

Defendant Raymo Morales-Delgado is charged with illegal reentry after deportation, for being in the United States on April 22, 2023, in an indictment dated June 22, 2023. Doc. 1. He was previously charged in a now-dismissed indictment, with illegal reentry after deportation in 2020. *See* 4:20-CR-40055.

ARGUMENT

1. Illegal reentry after deportation is a continuing offense.

Morales-Delgado is currently charged with being found in the United States in April 2023. He argues that his "[d]iffering 'found in' dates . . . do not create separate offenses." Doc. 20, p. 2. He further claims that his offense began when he "allegedly reentered the country[.]" Defendant does not provide a date for that event occurring, nor is one known because Defendant entered surreptitiously.

"The five-year statute of limitations for prosecutions under § 1326 begins running as soon as the offense is complete." *United States v. Gomez*, 38 F.3d 1031, 1034 (8th Cir. 1994).  Normally, such an offense would be complete when the alien "enters or attempts to enter through a recognized [] port of entry." *Id.*  "If, however, the alien's entry is 'surreptitious,' there is no such entry to trigger the statute to run. In contrast to entry and attempted entry, a 'found in' violation is a continuing violation that is not complete until the alien is 'discovered' by immigration authorities. Only at this point does the statute of limitations on a 'found in' violation begin to run." *Id.* at 1034-35.  Defendant is charged with being "found in" the United States.  "[T]he crime of reentry under § 1326 is an on-going offense that continues until an individual is discovered by authorities…. When an individual is 'found in' the United States, the date he or she is found is generally considered to be the date he or she violated § 1326."1  *United States v. Hernandez*, 189 F.3d 785, 790 (9th Cir. 1999).

In this case, the charges were appropriately brought within the statute of limitations and in the proper venue.  This is not a situation where the charge against Defendant, either in 2020 or 2023 is time-barred.

> 2.   <u>The Court should not reach this issue, but if the Court determines it must review the 2020 charge, the *Barker* factors do not favor Defendant or provide sufficient cause for dismissal of the indictment</u>.

As noted in its brief in the 2020 case, the Barker factors cited by the defendant simply do not provide cause for dismissal of either indictment (the

---

1 Defendant could argue that his discovery in 2020 terminated the continuing offense.   However, even using that date still places him within the statute of limitations for charging.

now-dismissed 2020 indictment or the current 2023 indictment).

The Sixth Amendment "guarantees that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial.'" U.S. Const. Amend. VI. The criteria for assessing violations of speedy trial rights was initially set out in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) and include: "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Doggett v. United States*, 505 U.S. 647, 650, 112 S. Ct. 2686, 2690, 120 L. Ed. 2d 520 (1992). "In performing this test 'the conduct of both the prosecution and the defendant are weighed.'" *United States v. Williams*, 557 F.3d 943, 948 (8th Cir. 2009).

"The Sixth Amendment right to a speedy trial attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences." *United States v. Williams*, 557 F.3d 943, 948 (8th Cir. 2009). A review of the timeframes at issue in light of the *Barker* factors does not reveal sufficient cause for dismissal of the indictment.

A. <u>The delay in arrest on the 2020 charges is not "uncommonly long."</u>

If the Court looks only at the 2023 case, there is absolutely no argument that there has been any delay in Defendant's arrest.

If, as Defendant requests, the Court consider the 2020 indictment and date on which he was found, the delay until his 2023 arrest for DUI in Beadle County, wherein he was again found in the United States, still provides no relief for Defendant. "Initially, we must determine whether the delay between indictment and [defendant's] motion to dismiss was presumptively prejudicial."

*United States v. Summage*, 575 F.3d 864, 875 (8th Cir. 2009), citing *Doggett v. United States*, 505 U.S. 647, 651-52, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). "If so, we proceed to analyze the four factors governing the Sixth Amendment's speedy trial protections under *Barker v. Wingo*." *United States v. Cooley*, 63 F.4th 1173, 1177 (8th Cir. 2023). The Eighth Circuit Court of Appeals has indicated a delay between indictment and a motion to dismiss of 28 months, which included a delay in arrest of approximately 19 months and the remaining time being related to pre-trial continuances, is presumptively prejudicial. *Id.* at 1177. However, such a timeframe does not necessitate dismissal of an indictment after the *Barker* factors are evaluated. *Id.* at 1178, 1180 (denying the defendant's motion to dismiss because "the delay was not of such length to eliminate the need to show particularized prejudice and because there is no evidence that the delay impeded [the defendant's] defense or threatened to deprive him of a fair trial[.]")

"Under the first Barker factor, this court considers 'whether delay before trial was uncommonly long.'" *Id.* at 1178 (concluding 28-month delay was not uncommonly long, and citing cases involving up to 40 months). Defendant's motion regarding the 2020 arrest shows the delay in arrest, but such a delay is not "uncommonly long," according to the Eighth Circuit Court of Appeals. *Id.*

B. <u>The reason for the delay does not favor Defendant.</u>

"A government's inability to arrest or try a defendant because of the defendant's own evasive tactics constitutes a valid reason for delay. But the government's failure to pursue a defendant diligently will weigh against it, more or less heavily depending on if the government acted in good or bad faith."

*United States v. Villarreal*, 613 F.3d 1344, 1351 (11th Cir. 2010). Defendant has alleged no bad faith, and there is no reason to believe it exists. While the reason for the delay in this case is in part due to law enforcement's failure to aggressively seek Defendant, and likely partly because of the agents' failure to pursue Defendant and others during the COVID-19 pandemic, it could also be attributable to his use of fictitious names when he had contact with law enforcement. *See United States v. Snyder*, No. 21-2986, 2023 WL 4011163, at *14 (7th Cir. June 15, 2023) (discussing justifiable delays holding trials related to the COVID-19 pandemic). Here, Defendant was discovered when his fingerprints were taken following his 2023 arrest for driving under the influence of alcohol in Beadle County. Defendant used different names at the time of his removal, including in 2013, at the time of his arrest in April 2020, and at the time of his arrest in April 2023. His criminal history and ICE records contain at least five aliases used by Defendant. Therefore, unless his fingerprints were taken at the time of any encounter with law enforcement or others, it would be difficult to determine his true identity and cause his arrest. The reasons for delay in Defendant's arrest do not provide a strong inference to him. or supporting his assertion.

   C. <u>Defendant's assertion of his speedy trial rights does not weigh strongly in his favor.</u>

Defendant's memorandum in support of his motion, asserts his right to a speedy trial. Doc . 22, p. 4. However, the same memorandum notes Defendant moved to continue the trial date to allow consideration of this motion, which causes this factor not to weigh strongly in his favor. *Id.*

   D. <u>Other than the presumption, there is no prejudice.</u>

The fourth factor, prejudice, is reviewed "'in the light of the interests of defendants which the speedy trial right was designed to protect.' Promptly bringing defendants to trial prevents excessive incarceration before trial, with its attendant evils, and avoids harming the defendant's ability to fairly defend himself due to the potential loss of evidence and witnesses." *United States v. Flores-Lagonas*, 993 F.3d 550, 565 (8th Cir. 2021).   In the present case, those factors do not weigh in favor of Defendant's position.

Indeed, as the Ninth Circuit recently noted:

> In *Barker*, the Court held that a delay between arrest and trial of "well over five years" caused in "good part" by "the Commonwealth's failure" *was outweighed by the fact that prejudice was minimal* and the fact that Barker "did not want a speedy trial." 407 U.S. at 533–34, 92 S.Ct. 2182. Here, although Walker was insistent about his right to a speedy trial and the time between his arrest and conviction was substantial, these factors are outweighed by the reason for the delay and lack of legal prejudice to Walker. *As in Barker, "there is no claim that any of [Walker's] witnesses died or otherwise became unavailable owing to the delay."* Id. *Similarly, Walker raises no "lapses of memory" which might have been "significant to the outcome" of his case.* Id. at 534, 92 S.Ct. 2182.

*United States v. Walker*, 68 F.4th 1227, 1239 (9th Cir. 2023) (emphasis added).   In *Walker*, the Ninth Circuit Court of Appeals was addressing an eighteen-month *pre-trial detention* of the defendant, a very different situation from the current case where there was a delay in arrest while the defendant was at his liberty and not subject to incarceration or worried about the threat of incarceration.

Defendant's motion essentially concedes that he does not have specific prejudice related to any delay and asks this Court to make its determination based solely on the presumption of prejudice.   However, as noted above, the

Eighth Circuit Court of Appeals has held that even a delay resulting in presumed prejudice "was not of such length to eliminate the need to show particularized prejudice," and determined there was no Sixth Amendment violation where "there is no evidence that the delay impeded" the individual's defense or threatened to deprive him of a fair trial."  *Cooley*, 63 F.4th at 1180.

Furthermore, the elements of illegal reentry are largely based on Defendant's physical presence, fingerprints, ICE records, and, in this case, contact with a law enforcement officer who arrested Defendant, resulting in the fingerprint match revealing his prior removal from the United States.  The undersigned and case agent have made contact and the arresting officer from the 2020 arrest is still employed by the South Dakota Highway Patrol; the jail employee who took his fingerprints would still be available for testimony; and records custodians would also be available related to ICE records. Given those elements and facts, any perceived prejudice beyond the presumption does not exist.  Additionally, given the facts, arguments and authorities contained in the above discussion, any claimed presumption of prejudice is overcome.  To the extent the Court determines a showing is necessary to overcome any presumption, the United States respectfully requests an evidentiary hearing.

## CONCLUSION

Dismissal in this case is not warranted, either based on Defendant being found in the United States in 2020 or based on his arrest in 2023.  A full review of the *Barker* factors simply does not merit the "severe remedy of dismissal"[2] requested by Defendant in this case.  Defendant's motion should

---

[2] *Barker*, 407 U.S. at 522.

be denied.

    Dated this 30th day of August, 2023.

                                          ALISON J. RAMSDELL
                                          United States Attorney

                                          */s/ Connie Larson*
                                          Connie Larson
                                          Assistant United States Attorney